UNITED STATES of America,
Appellee,

v.

Angel RODRIGUEZ, Erlando
Luis, Mohammed Khalil,
Defendants,

Said Aboelela, Defendant–Appellant.

No. 05–4435–cr.

United States Court of Appeals,
Second Circuit.

July 23, 2008.

Jeremy Gutman, New York, N.Y., for Defendant–Appellant.

Said Aboelela, Waymart, PA, pro se.

Roger A. Burlingame, Assistant United States Attorney, for Benton J. Campbell, United States Attorney for the Eastern District of New York (Jo Ann M. Navickas, of counsel), Brooklyn, N.Y., for Appellee.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. ROSEMARY S. POOLER, Circuit Judges.

**SUMMARY ORDER**

Appellant Said Aboelela pled guilty in the United States District Court for the Eastern District of New York (Gleeson, *J.*) to conspiracy to commit hostage taking resulting in death, in violation of 18 U.S.C. § 1203(a), and he was sentenced to 108 months' imprisonment. On appeal, Appellant asserts that the District Court failed to adduce a sufficient factual basis for acceptance of the guilty plea, that his plea was not knowing, and that the taking of his plea in sealed proceedings violated his Sixth Amendment rights. Appellant's original appeal also asserted that his sentencing was procedurally flawed. However, he has since withdrawn the sentencing issue. We assume the parties' familiarity with the facts and procedural history of the case.

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R.Crim.P. 11(b)(3). Appellant asserts that

the District Court failed to do so. Specifically, the crime to which Appellant pled—conspiracy to commit hostage taking—applies to "whoever, whether inside or outside the United States, seizes or detains and threatens to kill, to injure, or to continue to detain another person *in order to compel a third person or a governmental organization to do or abstain from doing any act as an explicit or implicit condition for the release of the person detained,* or attempts or conspires to do so." 18 U.S.C. § 1203(a) (emphasis added). Appellant asserts that there was no evidence or admission that he acted so as to compel any third person to do or abstain from doing anything.

In establishing the factual basis for a plea, a court "may rely on defendant's own admissions, information from the government, or other information appropriate to the specific case." *United States v. Andrades,* 169 F.3d 131, 136 (2d Cir.1999). "The district court is entitled to accept a defendant's statements under oath at a plea allocution as true." *United States v. Maher,* 108 F.3d 1513, 1521 (2d Cir.1997). Because Appellant failed to object to the alleged Rule 11 error at the time of the allocution, this Court reviews for plain error, which means that "the defendant who sat silent at trial has the burden to show that his substantial rights' were affected. And because relief on plain-error review is in the discretion of the reviewing court, a defendant has the further burden to persuade the court that the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Vonn,* 535 U.S. 55, 63, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002) (internal quotation marks and citations omitted).

Here, the District Court twice described to Appellant the offense as one which was perpetrated in order to force someone else to pay a ransom. Appellant, who is well-educated, indicated that he understood his plea and had discussed it with his attorney. He also used the word "ransom" in his allocution. This was more than a sufficient factual basis on which to accept the plea. *See generally United States v. McFadden,* 238 F.3d 198 (2d Cir.2001) (finding sufficient factual basis for accepting a plea where the plea colloquy was similarly specific and the defendant was similarly informed).

Appellant, *pro se,* asserts that his plea was not knowing. The court established Appellant's competence, explained the consequences of his plea to him at length, and ensured that he had conferred with counsel and that all of his questions had been answered. Appellant told the court that he understood his plea and that it was voluntary. The court was entitled to take Appellant at his word. *Maher,* 108 F.3d at 1521.

Appellant also asserts, *pro se,* that his Sixth Amendment rights were violated when plea proceedings were sealed. Proceedings were sealed for Appellant's own safety, and defense counsel consented to the sealing. In the circumstances of this particular case, this sufficed to waive Appellant's right to a public trial. *Levine v. United States,* 362 U.S. 610, 619, 80 S.Ct. 1038, 4 L.Ed.2d 989 (1960); *United States v. Sanchez,* 790 F.2d 245, 248–49 (2d Cir. 1986).

Accordingly, the judgment of the District Court is AFFIRMED.